WAYNE G. DAWSON (ABA #9511056)
DAWSON LAW GROUP, LLC
P.O. Box 244965
Anchorage, AK 99524
Telephone [907]-277-3995
Fax [907]-277-3991
Attorney for Alexander T. Lopez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

**IN ADMIRALTY**

ALEXANDER LOPEZ FISHERIES CORPORATION,

Plaintiff,

vs.

CITY OF VALDEZ,

Defendant.

Civil Action No. 3:20-cv- **00128-SLG**

**COMPLAINT FOR DAMAGES**

COMES NOW plaintiff, Alexander Lopez Fisheries Corporation, by and through his counsel of record, and hereby files, complains, and alleges against defendant City of Valdez, as follows:

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

**I.**

**SUBJECT MATTER JURISDICTION**

1. The Court has jurisdiction pursuant to Fed. Rule of Civil Procedure 9(h) as a claim in admiralty.

2. Venue is proper pursuant to 28 U.S.C. Section 1391(b).

## II.

## PARTIES

3. Plaintiff, Alexander Lopez Fisheries Corporation, is an Alaska corporation, with its principal offices located with the State of Alaska, Third Judicial District. of the State of Alaska, Third Judicial District.

4. According to plaintiff's best information and belief, Defendant City of Valdez is a municipal corporation, located in the Third Judicial District for the State of Alaska

5. The majority of the events and actions resulting in and surrounding the events and actions described herein occurred within the State of Alaska.

## III.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 – 5 above, inclusive.

7. Plaintiff Purchased the F/V Boulder Bay (USCG DOC NO. 291914) in February of 2018. The F/V Boulder Bay (USCG DOC NO. 291914) is a fifty (50) foot commercial fishing vessel designed for operations in and around Prince William Sound.

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

8. At the time that Plaintiff purchased the F/V Boulder Bay (USCG DOC NO. 291914), it was in drydock in Seward, Alaska.

9. On March 17, 2018, Plaintiff had the F/V Boulder Bay (USCG DOC NO. 291914) moved from drydock and lifted into the water to move the Vessel to it new home port in Valdez, Alaska.

10. After the F/V Boulder Bay (USCG DOC NO. 291914) arrived at its new home port of Valdez, Alaska, Plaintiff began to upgrade and repair the vessel to make it ready for the 2018 commercial fishing season.

11. At all times relevant herein, the F/V Boulder Bay (USCG DOC NO. 291914) was scheduled to fish all of the openings in the 2018 Commercial Prince William Sound Salmon Seine fisheries.

12. On June 8, 2018, Plaintiff called the Defendant City of Valdez's Small Boat Harbor (Harbor Master Sarah Von Bargen) to schedule the lift of the FV Boulder Bay (USCG DOC NO. 291914) out of the water. The Harbor Master instructed Plaintiff to be at the lift at 5:00 p.m. to lift and hold in the vessel in the straps overnight ("Lift and Hold"). The Defendant City of Valdez would then perform a lift to water in the morning so that Plaintiff would be able to do the bottom maintenance on the vessel in drydock overnight. Plaintiff and Defendant City of Valdez entered into an oral agreement for said services.

13. At all relevant times herein, the Defendant City of Valdez's Small Boat Harbor owned and operated the only boat Travel Lift in Valdez, Alaska that could lift the 50-foot F/V Boulder Bay (USCG DOC NO. 291914).

14. On or about June 8, 2018, at approximately 5:00 p.m.,, Plaintiff delivered the vessel to the Defendant City of Valdez and backed the vessel into the lift as instructed by the lift operator and turned over the F/V Boulder Bay (USCG DOC NO. 291914) to the control of the Defendant City of Valdez's Small Boat Harbor. At that point in time, the Defendant City of Valdez assumed exclusive care, custody, control and possession of the /V Boulder Bay (USCG DOC NO. 291914).

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

15. Defendant was obligated to exercise due care and control of the F/V Boulder Bay (USCG DOC NO. 291914) to ensure that it was not damaged as it was lifted out of the water.

16. Defendant City of Valdez, who had responsibility for the placement of the vessel in the lift and cradle under the vessel, began to lift the F/V Boulder Bay (USCG DOC NO. 291914) out of the water in violation of the industry standard to have at least two employees present so that one could act as a spotter in the event that anything goes wrong. The Defendant City of Valdez's operator never went down to the floating dock to observe the location of the straps and/or check for potential hazards. Under normal circumstances this responsibility is tasked to the second employee, the "spotter", while the operator operates the Travel-Lift to look for problems before they arise and cause damage to the vessel.

17. Defendant City of Valdez, as it had exclusive control and possession of the F/V Boulder Bay (USCG DOC NO. 291914), began to lift it out of the water to place it in drydock and despite a warning from the crew of the F/V Boulder Bay to stop the lift, continued to lift the vessel thereby causing the vessel's rigging to hit the cross member of the lift that caused the vessel to be pushed out of the result in dropping the F/V Boulder Bay (USCG DOC NO. 291914) approximately 10-12 feet onto the mud and rocks thereby causing extensive and substantial damages to the vessel in excess of the jurisdiction limits of this Court.

18. Defendant City of Valdez's operator at the time of the lift was allowed by the Defendant City of Valdez to operate the Travel Lift without the basic knowledge and

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

skill that a lift operator should know and, as a result of said lack of knowledge and skill, attempted to lift the vessel in a manner that is counter to the standards in the industry.

19. Plaintiff's President, Alexander Lopez contacted Port Director Jeremy Talbott and requested that he come down to inspect the damage to the F/V Boulder Bay (USCG DOC NO. 291914) without success.

20. As a proximate result of Defendant City of Valdez's dropping the F/V Boulder Bay (USCG DOC NO. 291914), Plaintiffs were forced to incur fees and/or costs to assess the damage to the vessel and make recommendations for repairs, including limited repairs to allow Plaintiffs to commercial fish part of the 2018 season.

21. Defendant City of Valdez is a full-service marina and operates, owns, maintains, services the vessel lift in question.

22. The damages to the F/V Boulder Bay (USCG DOC NO. 291914) was directly and proximately caused by the negligence and/or failure of the Defendant City of Valdez, and/or its agents and employees in failing to properly and safely lift the F/V Boulder Bay (USCG DOC NO. 291914) out of the water and place it safely into drydock.

## IV.

## FIRST CAUSE OF ACTION
## (Negligence and Gross Negligence)

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 – 22 above, inclusive.

24. At all times relevant herein, Defendant City of Valdez owed Plaintiff a duty to exercise reasonable care in the preparation to lift and lifting of the F/V Boulder Bay (USCG DOC NO. 291914) out of the water and place it safely into drydock.

25. Defendant City of Valdez breached its obligations to the Plaintiff by committing one or more of the following negligent acts:

a. failing to use reasonable care in directing that the vessel back into the Travel Lift;

b. failing to use two employees, an operator and a spotter, when it placed the vessel into the Lift and Hold position as well as when it began to lift the vessel to place it in drydock from the water;

c. failing to use and/or implement proper guideline in the lifting of the vessel;

d. failing to properly train personnel responsible for operating the Travel Lift, placement of the vessel in the Travel Lift and lifting the vessel from the water;

e. failing to properly supervise the personnel responsible for operating the Travel Lift;

f. failing to use reasonable care in the use and operation of the Travel Lift to lift the vessel from the water for placement into drydock.

g. causing physical damage to the vessel; and

f. failing to exercise reasonable care in other respects as will be demonstrated at trial.

26. Defendant City of Valdez breached its duty of care owed to Plaintiff by negligently instructing Plaintiff to back into the lift and preparing to lift the vessel out of the water and into drydock.

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

27. As a proximate result of the Defendant City of Valdez breach of its duty of care by negligently instructing Plaintiff to back into the lift and preparing to lift the vessel out of the water and into drydock, and lifting the vessel in a negligent or grossly negligent manner, the vessel slipped out of the lift and fell to the mud and rocks below, causing the vessel to sustain extensive damage.

28. Defendant City of Valdez's breaches constitutes ordinary negligence as a matter of law and arises to the level of gross negligence as defined by the applicable general Maritime Law.

29. That as a result of the foregoing, Plaintiff was damaged in an amount to be proven at time of trial in excess of the jurisdictional amount of this Court.

**SECOND CAUSE OF ACTION**
**(BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE)**

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 – 29 above, inclusive.

31. Defendant City of Valdez was authorized by the Plaintiff to lift the F/V Boulder Bay (USCG DOC NO. 291914) out of the water and place it into drydock and relied upon the expertise of the Defendant City of Valdez to perform said services in a proper, safe, competent and workmanlike manner.

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

32. At all times relevant herein Defendant City of Valdez, as the operator of the Travel Lift facility, owed Plaintiff a duty to lift the vessel and place it into drydock in a proper, safe, competent and workmanlike manner.

33. Defendant City of Valdez breached the warranty of workmanlike performance by committing one or more of the following negligent acts:

a. failing to use reasonable care in directing that the vessel back into the Travel Lift;

b. failing to use two employees, an operator and a spotter, when it placed the vessel into the Lift and Hold position as well as when it began to lift the vessel to place it in drydock from the water;

c. failing to use and/or implement proper guideline in the lifting of the vessel;

d. failing to properly train personnel responsible for operating the Travel Lift, placement of the vessel in the Travel Lift and lifting the vessel from the water;

e. failing to properly supervise the personnel responsible for operating the Travel Lift;

f. failing to use reasonable care in the use and operation of the Travel Lift to lift the vessel from the water for placement into drydock.

34. As a direct and proximate result of the aforementioned breach of the implied warranty of workman like performance by Defendant City of Valdez, the F/V Boulder Bay (USCG DOC NO. 291914) sustained extensive damage arising from it being dropped out of the Travel Lift and onto the mud and rocks approximately 10-12 feet in an amount to be proven at trial.

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

**THIRD CAUSE OF ACTION**
**(BAILMENT)**

35. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 – 34 above, inclusive.

36. Defendant City of Valdez became the bailee of the F/V Boulder Bay (USCG DOC NO. 291914) when it assumed exclusive care, control and possession of the vessel when it was place into a Lift and Hold position on June 8, 2018.

37. The F/V Boulder Bay (USCG DOC NO. 291914) was delivered to the Defendant City of Valdez in good condition and was ultimately returned to Plaintiff in damaged condition through no fault of the Plaintiff.

38. By returning the F/V Boulder Bay (USCG DOC NO. 291914) to Plaintiff in a damaged condition, Defendant City of Valdez breached its responsibilities as a bailee.

39. As a direct result of the Defendant City of Valdez's breach of the obligations undertaken as bailee of the F/V Boulder Bay (USCG DOC NO. 291914), Plaintiff suffered damages as outlined above as well as such other damages as may be proved at trial.

WHEREFORE, Plaintiff prays for Judgment as follows:

(1) For general and compensatory damages;

(2) For special damages, including lost income and increased costs/expenses incurred;

(3) For prejudgment and post-judgment interest;

(4) For reasonable attorney fees and costs incurred; and

(5) For such other and further relief as this Court deems just and equitable.

Plaintiff reserves the right to add other claims or join other parties regarding this matter.

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995

DATED this 4th day of June 2020 at Anchorage, Alaska.

DAWSON LAW GROUP, LLC
Attorneys for Plaintiff

By: ______________________________
Wayne G. Dawson
AK Bar No. 9511056

Dawson Law Group, LLC.
Attorneys at Law
P.O. Box 244965
Anchorage, AK99524
Tel. 907-277-3995